UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PUNTA GORDA - CHARLOTTE HARBOR
DEVELOPMENT, LLC,

                    Plaintiff,

vs.                              Case No.  2:08-cv-719-FtM-29SPC

ALLSTATE INSURANCE COMPANY,

                    Defendant.
_____

### OPINION AND ORDER

This matter comes before the Court on defendant Allstate
Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint
(Doc. #19) filed on March 24, 2009.  Plaintiff Punta Gorda -
Charlotte Harbor Development filed a Memorandum in Opposition (Doc.
#22) on April 21, 2009.

Plaintiff Punta Gorda - Charlotte Harbor Development, LLC
("PGCH") filed its original Complaint (Doc. #2) in state court
seeking judgment against defendant Allstate Insurance Company
("Allstate") for breach of contract for Allstate's failure to pay
funds due under a settlement agreement.  Allstate removed the
action to federal court based upon diversity of citizenship. (Doc.
#1.)  On February 20, 2009, PGCH was ordered to amend its
Complaint, which failed to provide fair notice of the cause of
action and did not provide a plain statement of the factual basis
for relief. (Doc. #17.) Pursuant to the Court's order, PGCH filed
an Amended Complaint on March 10, 2009. (Doc. #18.)  Allstate now

seeks to dismiss the Amended Complaint on grounds that PGCH fails to plead the existence of a contract and the material breach of such a contract.

## I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing FED. R. CIV. P. 8). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in

a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## II.

Florida's substantive law governs in this diversity case. LaTorre v. Connecticut Mut. Life Ins. Co., 38 F.3d 538, 540 (11th Cir. 1994). Therefore, to properly plead a breach of contract claim, PGCH must allege (1) the existence of a contract, (2) a material breach resulting from that contract, and (3) damages resulting from the breach. Vega v. T-Mobile, 564 F.3d 1256, 1272 (11th Cir. 2009).

PGCH alleges in its Amended Complaint that PGCH is the assignee of all the rights and interests of Cedar Village Condominium Association, Inc. ("Cedar Village" or the "Insured") to a certain insurance policy (the "Policy") covering specified real property in Punta Gorda, Florida (Doc. #18, ¶4); that the Policy insured against damages due to hurricane (id.); that insurance proceeds were due pursuant to the Policy (id.); that there was a settlement agreement between Cedar Village and Allstate resolving a claim for insurance proceeds arising from hurricane damage (id.); that this settlement was a contract which required Allstate to pay insurance proceeds to Cedar Village under the Policy for damages done to Cedar Village's premises by a hurricane (id. at ¶5); and that pursuant to the Policy and the settlement Allstate owes PGCH

$1,193,398.50, which it has refused to pay (id. at ¶6). While PGCH asserts it does not have a copy of the settlement agreement, it alleges on information and belief that the agreement is in writing and is in the possession of Allstate. (Id. at ¶4.)

The Court finds that a breach of contract claim is properly pled in the Amended Complaint. Failure to attach the contract as an exhibit is not fatal to the Amended Complaint. See Manicini Enterprises, Inc. v. American Exp. Co., 236 F.R.D. 695, 698 (S.D. Fla. 2006). Rule 8 does not require a plaintiff to plead with the greatest specificity it can. In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir. 1995).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-4-